UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES LINDSEY, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:08-CV-1096-G |
| DALLAS AREA RAPID TRANSIT, | ) |
| ET AL., | ) **ECF** |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Dallas Area Rapid Transit Authority ("DART"), to dismiss the plaintiffs' claims against it for lack of subject matter jurisdiction. For the reasons discussed below, the motion is granted.

### I. BACKGROUND

The plaintiffs, James Lindsey, *et al.* ("the plaintiffs"), were all employees of First Transit Incorporated ("First Transit"), the operator of certain fixed route services of DART. Plaintiff's Original Petition at 6 (attached as Exhibit A to Defendant's Notice of Removal). All of the plaintiffs had a five-year employment contract with

First Transit.  *Id.*  When DART took over the direct operation of the transit services, it terminated all of the plaintiffs twenty-seven months before their five-year contracts expired.  *Id.*  Later, DART rehired about twenty-five percent of the former First Transit employees.  Even those rehired, however, were hired without regard for the seniority they had acquired as First Transit employees and received wages and benefits lower than those they had received from First Transit.  *Id.*

The plaintiffs believed that an employee protective agreement, to which DART agreed as a condition of its receipt of federal financial assistance, prohibited DART from taking any of these measures against the plaintiffs.  *Id.* at 7.  As a result, the plaintiffs filed a complaint with the United States Department of Labor ("DOL") on November 25, 2003.  *Id.*

The plaintiffs also filed suit against DART in state court for breach of contract.  Plaintiff's Response to Dallas Area Rapid Transit's Motion to Dismiss and Brief in Support ("Response") at 3.  The state court administratively closed that case pending a decision by the DOL.  Defendant Dallas Area Rapid Transit's Motion to Dismiss and Brief in Support ("Motion") at 1.  On April 15, 2008, the DOL issued a decision in favor of DART.  *Id.* at 2.  Afterwards, the plaintiffs amended their petition in state court to add the DOL as a defendant.  *Id.* at 2.  DART filed a plea to the jurisdiction in the state court case on June 2, 2008.  *Id.*  Subsequently, the DOL removed the case

to this court. *Id.* DART now files this motion to dismiss, arguing that the court has no jurisdiction over this case.

## II. ANALYSIS

DART moves for dismissal on two grounds. The first is that the court does not have jurisdiction because DART is protected by sovereign immunity. *Id.* at 3. "Sovereign immunity encompasses two principles: immunity from suit and immunity from liability." *General Services Commission v. Little-Tex Insulation Company, Inc.*, 39 S.W.3d 591, 594 (Tex. 2001). "Immunity from suit bars a suit against the State unless the Legislature expressly gives consent." *Id.* Such consent must be expressed in "clear and unambiguous language." *Id.* (quoting *University of Texas Medical Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994)). Immunity from liability, on the other hand, "protects the State from judgments even if the Legislature has expressly given consent to sue." *Id.* Here, DART argues that it has immunity from suit. If true, this court does not have jurisdiction to hear the claim. *Texas Department of Transportation v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999) ("Today we reaffirm that governmental immunity from suit defeats a trial court's subject matter jurisdiction.").

It is clear that DART, as a regional transportation authority, is a governmental unit that enjoys sovereign immunity. *Moore v. Dallas Area Rapid Transit*, 2006 WL 148735, *4 (N.D. Tex. January 18, 2006) (citing Texas Transportation Code Ann. § 452.002(c) (Vernon 2005)); *Stephens v. Dallas Area Rapid Transit*, 50 S.W.3d 621,

632 (Tex. App.--Dallas 2001, pet. den'd). The plaintiffs, however, argue that sovereign immunity does not apply here because they have asserted a breach of contract, rather than a tort, claim. Response at 3. They contend that sovereign immunity does not apply when the plaintiff claims that the State or one of its agencies has breached a contract. *Id.* (citing *Texas Department of Health v. Texas Health Enterprises, Inc.*, 871 S.W.2d 498, 506 (Tex. App.--Dallas 1993, writ denied)). It is true that "[w]hen the State contracts, it is liable on contracts made for its benefit as if it were a private person." *Little-Tex Insulation*, 39 S.W.3d at 594. However, "the State does not waive immunity from *suit* simply by contracting with a private person." *Id.* (emphasis added). "Legislative consent to sue is still necessary." *Id.* It is only immunity from *liability* that does not apply to claims for breach of contract. See *id.* The plaintiffs' argument that this is a breach of contract claim is therefore unavailing.

The only remaining issue is whether 49 U.S.C. § 5333, also known as section 13(c) of the Urban Mass Transit Act, preempts DART's immunity. This section provides that, "[a]s a condition of financial assistance [from the federal government], . . . the interests of employees affected by the assistance shall be protected under arrangements the Secretary of Labor concludes are fair and equitable." 49 U.S.C. § 5333(b). One might conclude that in order to enforce these arrangements, the transit authority must be subject to suit. The Texas Supreme Court, however, has

already addressed this exact issue in *Dallas Area Rapid Transit v. Amalgamated Transit Union Local No. 1338*, __ S.W.3d __, 2008 WL 5266379, *7 (Tex. Dec. 19, 2008). There, the plaintiff argued that "by preventing suit to enforce the [arrangement], state immunity law stands as an obstacle to achieving the full purpose of section 13(c) to protect transit employees' interests." *Id.* at *8. The court disagreed, holding that transit employees can protect their interests through an administrative process. *Id.* Thus, where the section 13(c) arrangement provides for an administrative process to enforce the details of that arrangement, the state agency remains immune from suit. *Id.* at *9.

Here, the 13(c) arrangement plainly allowed enforcement via an administrative process, as evidenced by the fact that the plaintiffs have already pursued that process to completion. Response at 1 (stating that the plaintiffs, "as they are required to do, initiated the arbitration proceedings against DART with the [DOL]"); Response at 2-3 (stating that the DOL issued a final ruling in favor of the plaintiffs); Motion at 2 (stating that the DOL issued a final ruling in favor of DART). Although the plaintiffs and DART disagree over the results of the arbitration proceeding, both concede that the DOL has issued a final ruling, making it clear that the section 13(c) arrangement at issue here provided the plaintiffs with a mechanism to enforce the arrangement. Consequently, the state immunity laws are not preempted by 49 U.S.C. § 5333.

*Dallas Area Rapid Transit*, 2008 WL 5266379 at *9.  The court finds that DART is therefore protected from suit by sovereign immunity.

### III.  CONCLUSION

For the reasons discussed above, DART's motion to dismiss the claims against it for lack of subject matter jurisdiction is **GRANTED**.

**SO ORDERED**.

February 23, 2009.

*[signature: A. Joe Fish]*
**A. JOE FISH**
**Senior United States District Judge**