UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES LINDSEY, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:08-CV-1096-G |
| DALLAS AREA RAPID TRANSIT, ) | |
| ET AL., ) | **ECF** |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, the United States Department of Labor ("the DOL"), to dismiss the plaintiffs' claims against it for lack of subject matter jurisdiction. For the reasons discussed below, the motion to dismiss is granted.

## I. BACKGROUND

This is a class action involving more than 400 plaintiffs. The plaintiffs were all employees of First Transit Incorporated ("First Transit"), the operator of certain fixed route services of the Dallas Area Rapid Transit Authority ("DART" or "the defendant"). Plaintiff's Original Petition at 6 (attached as Exhibit A to Defendant's

Notice of Removal).  All of the plaintiffs had a five-year employment contract with First Transit.  *Id.*  When DART took over the direct operation of the transit services, it terminated all of the plaintiffs twenty-seven months before their five-year contracts expired.  *Id.*  Later, DART rehired about twenty-five percent of the former First Transit employees.  Even those rehired, however, were hired without regard for the seniority they had acquired as First Transit employees and received wages and benefits lower than those they had received from First Transit.  *Id.*

The plaintiffs believed that an employee protective agreement, to which DART agreed as a condition of its receipt of federal financial assistance, prohibited DART from taking any of these measures against the plaintiffs.  *Id.* at 7.  As a result, the plaintiffs contacted the United States Department of Labor ("the DOL") on November 25, 2003.  *Id.*  The plaintiffs also filed a breach of contract claim against DART in state court.  Plaintiff's Response to Dallas Area Rapid Transit's Motion to Dismiss and Brief in Support ("Response") at 3.  The state court administratively closed that case pending a decision by the DOL.  Defendant Dallas Area Rapid Transit's Motion to Dismiss and Brief in Support ("Motion") at 1.  That decision came on April 15, 2008, when the DOL issued a decision in favor of DART.  *Id.* at 2.  Afterwards, the plaintiffs amended their petition in state court to add the DOL as a defendant.  *Id.*  DART filed a plea to the jurisdiction in the state court case on June 2,

2008. *Id.* Subsequently, the DOL removed the case to this court. *Id.* The DOL now files this motion to dismiss, arguing that it is protected by sovereign immunity.

## II. ANALYSIS

The court agrees that the DOL is protected by sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Insurance Corporation v. Meyer*, 510 U.S. 471, 475 (1994). The DOL is an agency of the federal government and therefore enjoys sovereign immunity. *LeRoy v. United States Marshal's Service*, 2007 WL 4234127, *2 (E.D. La. November 28, 2007). As a result, this court does not have jurisdiction to hear the claim. *Chapa v. United States Department of Justice*, 339 F.3d 388, 389 (5th Cir. 2003) ("Sovereign immunity implicates subject matter jurisdiction.").

## III. CONCLUSION

For the reasons discussed above, the claims against the DOL are therefore **DISMISSED**, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.

**SO ORDERED**.

February 23, 2009.

*[signature: A. Joe Fish]*
**A. JOE FISH**
**Senior United States District Judge**